[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Child Care Center of Stamford, Inc. (The Center), moved to enforce a settlement agreement alleged to have been made at a pretrial conducted on January 9, 2002 in a case scheduled for a week certain trial on January 16, 2002. After an evidentiary hearing, the court grants the defendant's motion.
The plaintiff, Melissa Vigilio, testified that when advised by her attorney of a $15,000 offer to settle the case against the Center, she agreed to do so, and authorized her attorney to make the settlement. Her attorney prepared releases, reported the agreement to opposing counsel and to the Caseflow Office in this judicial district. The plaintiff changed her mind and repudiated the agreement one to two weeks later.
It is undisputed that as part of the settlement agreement, the plaintiff was to withdraw the action against the defendant Rogers School Community Center Organization, Inc. That defendant also moved to enforce the settlement agreement. The court grants that motion as well.
It is well established that an agreement to settle a law suit is binding upon the parties. Audubon Parking Associates. Ltd. Partnershipv. Barclay Stubbs, Inc., 225 Conn. 804, 626 A.2d (December 29, 1993). As with any other binding contract, whether the parties in fact concluded CT Page 3549 a settlement agreement is determined by the intention of the parties manifested by their words and acts. The intention of the parties is a question of fact to be determined by the trier.
The plaintiff knowingly and voluntarily agreed to the settlement, as she intended to do. She did not claim duress, nor that she was under any mental disability. She later decided not to settle the case because she came to believe that the case was worth more than $15,000. She has since consulted with two other lawyers who would not accept the case. There is nothing either in her testimony or in the court file itself to suggest that the settlement figure is anything but fair, given the factual pattern of this case.
For the foregoing reasons, the court grants the motions of the defendants to enforce the settlement agreement.
So Ordered.
D'ANDREA, J.T.R.